# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# DEL RIO DIVISION

| | | |
|---|---|---|
| GLEN WILLIAMSON | § | |
| | § | |
| | § | CIVIL ACTION NO. |
| | § | DR-23-CV-00027-AM-MHW |
| Plaintiff, | § | |
| v. | § | |
| | § | On removal from the 452nd District |
| GEICO INSURANCE AGENCY, LLC | § | Court of Edwards County, Texas, |
| AND HOMESITE INSURANCE | § | Cause No. 4361 |
| COMPANY | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### PARTIES

1. Plaintiff, Glen Williamson (hereinafter referred to as "plaintiff" or "insured"), is an individual and citizen of the State of Texas.

2. Defendant, GEICO Insurance Agency, LLC, is a corporation that incorporated under the laws of the State of Maryland and Homesite Insurance Company is a corporation that is incorporated under the laws of the State of Wisconsin (hereinafter referred to jointly as "defendant" or "Homesite").

### JURISDICTION

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because plaintiff and defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

### VENUE

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial

part of the events or omissions giving rise to this claim occurred in this district.

## CONDITIONS PRECEDENT

5. All conditions precedent have been performed or have occurred.

## FACTS

6. Plaintiff is the owner of homeowner insurance policy number 39326173, which was issued by Homesite (hereinafter referred to as the "policy").

7. Plaintiff owns the insured property that is specifically located at 1242 SD 42300 US 377 Rocksprings, TX 78880 (hereinafter referred to as the "property").

8. Defendant or its agent sold the policy insuring the property to plaintiff.

9. On or about September 28, 2022, plaintiff's property sustained damage from a fire resulting in the property and all the contents within being destroyed beyond repair. Plaintiff submitted a claim to Homesite against the policy for the damage.

10. Plaintiff submitted a claim to Homesite against the policy for damage caused to the property as a result of the fire. The insured asked Homesite to cover the cost of a new dwelling, replacement of personal property, for loss of use of the property, and any other available coverages under the policy. Homesite assigned claim number 01-005-280091 to the insured's claim.

11. On or about October 6, 2022, Homesite inspected the property in question. The fire caused tremendous damage to the property. The fire caused the complete consumption of combustible materials to all of the exterior of the property. Because of the extent of damage caused by the fire, an examination of the interior was not possible. Weather was considered to be a possible ignition source, and a lightning strike could not be eliminated as the cause of the fire. Severe thunderstorms had passed through the area around the time the fire had occurred, and lightning strikes were reported in the area of the property.

12. Plaintiff, to the best of his knowledge, provided a list of the contents that were in the property before the fire to Homesite. On October 11, 2022, Plaintiff's ex-wife, Brooke Williamson ("Brooke"), who moved out of the property in August 2022, and was not named on the policy, called the National Insurance Crime Bureau ("NICB") suggesting Insured was responsible for the fire. Six (6) days after contacting NICB and suggesting the Insured was responsible for the fire, on October 17, 2022, Brooke filed for divorce from the Insured. After Brooke's call to NICB, Homesite reached out to Brooke and provided a copy of the contents list, the Insured had submitted to Homesite, for Brooke to verify. Homesite performed an insufficient and unreasonable investigation of the allegations made by Brooke. On November 14, 2022, Homesite interviewed Brooke, but on this occasion, she only suggested the Insured had lied about the contents of the property. Homesite did not conduct a thorough investigation and instead relied solely on the flimsy accusation of scorned ex-spouse. As a result of Homesite's unreasonable investigation, the Insured was wrongfully denied the entirety of his claim.

13. Homesite has denied the entirety of the Insured's claim without an adequate investigation, even though the policy provided coverage for losses such as those suffered by the Insured. Furthermore, as Homesite was conducting its investigation they were under-scoping the damages of the Insured's claim.

14. To date, Homesite continues to delay in the payment for Insured's claim. As such the Insured's claim(s) remain unpaid, and the Insured has remained virtually homeless.

### POST-CLAIM UNDERWRITING

15. Plaintiff alleges that Homesite engaged in fraudulent post-claim underwriting. At the time that defendant sold the insurance policy to the plaintiff, defendant had no intention of performing its duties and honoring the representations it made to plaintiff. Specially, this

representation consisted of defendant's promise to provide full indemnity to plaintiff from financial loss caused by a covered peril, less the policy deductible. Homesite intentionally under-evaluated the risk associated with the insurance policy in an effort to secure the policy sale and made an attempt to properly evaluate the risk only after the plaintiff filed the insurance claim at issue. In its use of post-claim underwriting, defendant searched for reasons to deny the plaintiff's claim by conducting the type of evaluation that it should have conducted before defendant sold the policy to the plaintiff and before plaintiff paid insurance premiums to the defendant. Had the plaintiff known and understood that defendant would engage in post-claim underwriting before plaintiff agreed to purchase the insurance policy from defendant, the plaintiff could have made an informed decision and purchased coverage from a different insurance company. Defendant's actions allowed defendant to collect an upfront premium profit while intending to betray its promise of full indemnity. In the case at hand, defendant's fraudulent post-claim underwriting scheme caused the plaintiff to purchase a worthless insurance policy and suffer financial property loss.

16. Homesite denied plaintiff's claim as part of a strategy and scheme to guarantee or increase surplus and shareholder returns. To date, Homesite continues to delay in the payment for the damages to the property. As such, the plaintiff's claim remains unpaid, and the plaintiff was never able to repurchase or rebuild his home.

### BAD FAITH

17. Plaintiff is insured under an insurance contract issued by Homesite, which gave rise to a duty of good faith and fair dealing.

18. Defendant breached the duty by denying and delaying payment of a covered claim when defendant knew or should have known its liability under the policy was reasonably clear.

19. Following its initial inspection on October 6, 2022, Homesite possessed all

- 4 -

information necessary to enable it to make a fair coverage and payment determination on Plaintiff's claim. In addition, following its initial inspection, Homesite failed to provide coverage for all of the covered damage. Although Homesite designed its claims investigation system in a manner that would ensure timely claim payments, reasonable property inspections, and thorough property inspections, Homesite failed to honor its obligation to perform a reasonable investigation and issue timely payment to plaintiff.

20. Defendant's breach of duty proximately caused injury to plaintiff, which resulted in the following damages:

    a. mental anguish damages; and

    b. loss of policy benefits.

21. <u>Exemplary Damages.</u> Plaintiff suffered injury independent of the loss of policy benefits and that injury resulted from Defendant's gross negligence, malice, or actual fraud, which entitles plaintiff to exemplary damages under Texas Civil Practices & Remedies Code section 41.003(a).

## COUNT 2 – BREACH OF CONTRACT

22. In addition to other counts, Homesite breached its contract with Plaintiff.

23. Plaintiff and defendant executed a valid and enforceable insurance contract. The contract stated that defendant would pay the replacement cost of all damage which occurred to plaintiff's property caused by a covered peril, and that plaintiff would pay insurance premiums and perform other obligations as outlined in the insurance policy.

24. Plaintiff fully performed plaintiff's contractual obligations.

25. Homesite breached the contract by refusing to pay the full amount of the cost to repair or replace the property. Homesite failed and refused to pay any of the proceeds of the policy,

although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by plaintiff.

26.     Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

27.     <u>Attorney Fees</u>. Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiff retained counsel, who presented plaintiff's claim to Homesite. Homesite did not tender the amount owed within 30 days of when the claim was presented.

### COUNT 3 – DECEPTIVE INSURANCE PRACTICES

28.     Homesite failed to explain to plaintiff the reasons for defendant's denial of coverage. Defendant failed to offer plaintiff adequate compensation without adequate explanation of the basis in the policy for its decision to make less than full payment and deny the claim. Furthermore, Homesite did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy, nor did they provide explanation for the failure to adequately settle plaintiff's claim.

29.     Homesite failed to affirm or deny coverage of plaintiff's claim within a reasonable time. Specifically, plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Homesite.

30.     Homesite refused to fully compensate plaintiff under the terms of the policy, even though Homesite failed to conduct a reasonable investigation. Homesite performed an outcome-oriented investigation of the plaintiff's claim which resulted in a biased, unfair, and inadequate evaluation of plaintiff's losses on the property.

31.     Homesite failed to meet its obligations under the Texas Insurance Code regarding

its duties to timely acknowledge plaintiff's claim, begin an investigation on plaintiff's claim, and request all information reasonably necessary to investigate plaintiff's claim within the statutorily mandated time of receiving notice of plaintiff's claim.

32. Homesite failed to accept or deny plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. In addition, Homesite failed to communicate with plaintiff to ensure that plaintiff understood the coverage denial plaintiff received.

33. Defendant's acts or practices violated:

a. Texas Insurance Code Chapter 541, subchapter B and Texas Business and Commerce Code Chapter 17.

i. Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A); TEX. BUS. & COM. CODE §17.50(a)(4).

ii. Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim. TEX. INS. CODE §541.060(a)(3); TEX. BUS. & COM. CODE §17.50(a)(4).

iii. Not affirming or denying coverage within a reasonable time. TEX. INS. CODE §541.060(a)(4)(A); TEX. BUS. & COM. CODE §17.50(a)(4).

iv. Refusing to pay a claim without conducting a reasonable investigation. TEX. INS. CODE §541.060(a)(7); TEX. BUS. & COM. CODE §17.50(a)(4).

b. Texas Insurance Code Chapter 541.151.

      c.      Texas Business & Commerce Code § 17.50 (a)(4).

34. Plaintiff seeks damages within the jurisdictional limits of this Court.

35. <u>Additional Damages</u>. Defendant acted knowingly, which entitles plaintiff to recover treble damages under Texas Insurance Code section 541.152(b).

36. <u>Attorney Fees</u>. Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

### COUNT 4 – LATE PAYMENT OF CLAIMS

37. Plaintiff is insured under a contract for homeowner's insurance issued by defendant.

38. Defendant Homesite is a corporation.

39. Plaintiff suffered a loss covered by the policy and gave proper notice to Homesite of plaintiff's claim.

40. Homesite is liable for the claim and had a duty to pay the claim in a timely manner.

41. Defendant breached its duty to pay Plaintiff's claim in a timely manner by not timely:

    a. acknowledging the claim;

    b. investigating the claim;

    c. requesting information about the claim;

    d. paying the claim after wrongfully rejecting it; and

    e. paying the claim after accepting it.

42. Homesite's breach of duty caused injury to the plaintiff, which resulted in the following damages:

    a. mental anguish damages;

    b. policy proceeds;

      c. prejudgment interest.

43.    <u>Statutory Damages</u>. Plaintiff is entitled to recover actual damages in the amount of the claim and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim.

44.    <u>Attorney Fees</u>. Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

## JURY DEMAND

45.    Plaintiff respectfully renews and reaffirms their original request for trial by jury.

## CONDITIONS PRECEDENT

46.    All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## PRAYER

47.    For these reasons, plaintiff asks that plaintiff be awarded a judgment against defendant for the following:

      a. Actual damages.

      b. Prejudgment and post-judgment interest.

      c. Consequential damages.

      d. Court costs.

      e. Attorneys' fees.

      f. Exemplary damages.

      g. All other relief to which plaintiff may be entitled.

Respectfully submitted,

THE REEH LAW FIRM, PLLC
1403 Cross Street
Fredericksburg, TX 78624
Tel. (830) 992-8358
Fax. (830) 715-4788


By:    */s/ Welsley K. Reeh*
       WELSLEY K. REEH
       Texas Bar No. 24107960
       wreeh@reehlawfirm.com
       ROBERT "BRITT" SCHWING
       Texas Bar No. 24126122
       rschwing@reehlawfirm.com


*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 29th day of February, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Steven Hudgins
Attorney at Law
THE HUDGINS LAW FIRM, P.C.
24 Greenway Plaza, Suite 2000
Houston, Texas 77046
Telephone: (713) 623-2550
Facsimile: (713) 623-2793
Email: shudgins@hudgins-law.com

*Counsel for Defendant*

                                            */s/ Welsley K. Reeh*
                                          Welsley K. Reeh