**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

**FILED**

APR 15 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| GLEN WILLIAMSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. DR-23-CV-0027-AM |
| | § | |
| HOMESITE INSURANCE COMPANY, | § | |
| Defendant. | § | |

## ORDER

Before this Court is the Report and Recommendation of the Honorable Matthew H. Watters, United States Magistrate Judge. (ECF No. 60.) On June 2, 2023, the Court referred all pretrial matters to Judge Watters under 28 U.S.C. § 636. Judge Watters now recommends denying the Plaintiff's Partial Motion for Summary Judgment under Federal Rule of Civil Procedure 16(b) as untimely without good cause or leave of court. (*Id.*) The Plaintiff objected to the Report and Recommendation under Federal Rule of Civil Procedure 72. (ECF No. 72.) After reviewing the Report and Recommendation, the Plaintiff's objections, and the relevant case law, the Court **REJECTS** the Report and Recommendation [ECF No. 60].

### I. BACKGROUND

On August 27, 2022, the Plaintiff, Glen Williamson, purchased a homeowner's insurance policy from the Defendant, Homesite Insurance Company, insuring property located in Rocksprings, Texas ("the insured property"). (ECF Nos. 44 at 1; 44-1 at 159.) Around one month later, on or about September 28, 2022, a fire destroyed the insured property and all contents within the property. (*Id.*) The Plaintiff submitted a claim through his homeowner's insurance policy with the Defendant to cover his fire-related losses. (*Id.*) While the claim was pending, the Plaintiff's then-estranged wife called the National Insurance Crime Bureau, alleging the Plaintiff was

responsible for the fire. (ECF No. 11 at 3.) The Defendant then denied the Plaintiff's claim in full. (*Id.*) As a result, the Plaintiff sued the Defendant[1] on April 11, 2023, in the 452nd District Court of Edwards County, Texas, claiming the Defendant wrongfully relied on his now ex-wife's allegations to deny his claim. (ECF No. 1-2.) The Defendant removed the case to this Court based on diversity jurisdiction. (ECF No. 1.)

After removal, Judge Watters entered a scheduling order pursuant to Federal Rule of Civil Procedure 16. (ECF No. 6.) Under the scheduling order, the dispositive motions deadline was June 21, 2024. (*Id.*) Judge Watters later extended the dispositive motions deadline to September 9, 2025. (ECF No. 43.) Less than two hours after the extended dispositive motions deadline expired, on September 10, 2025, at 1:56am, the Plaintiff moved for partial summary judgment. (ECF No. 72 at 2.) One day later, on September 11, 2025—before the Defendant responded—Judge Watters issued the Report and Recommendation, recommending this Court deny the Plaintiff's Motion as untimely. (ECF No. 60.)

On September 24, 2025, the Plaintiff objected to the Report and Recommendation, not to dispute the late filing, but to ask for an extension of time to file his Partial Motion for Summary Judgment. (ECF No. 72.) The Plaintiff explained that the slight filing delay was due to both lead and co-counsel testing positive for COVID and attempting to meet the extended deadline while experiencing flu-like symptoms. (*Id.* at 2.) The Defendant neither objected to the Report and Recommendation nor responded to the Plaintiff's objection. The Parties then appeared before the Court at docket call on April 14, 2026, during which the Court granted the extension of two hours and allowed the Partial Motion for Summary Judgment to go forward on the merits. The Court

---

[1] Originally, the Plaintiff sued Defendants Homesite Insurance Company and Geico Insurance Agency ("Geico"). (ECF No. 1 at 1–2.) Geico was dismissed from the case on June 17, 2025 [ECF No. 38], after the Plaintiff and Geico jointly stipulated to dismissal without prejudice [ECF No. 34].

granted the Defendant time to respond to the Partial Motion for Summary Judgment. The Court now enters this Order to memorialize the oral rulings.

## II. STANDARD OF REVIEW

Parties may object to the proposed findings and recommendations of a magistrate judge within fourteen days after service of the report and recommendation. *See* 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). When a party files timely written objections to a magistrate judge's report and recommendation, the district judge must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* FED. R. CIV. P. 72(b)(3); *United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."). The Plaintiff timely objected to the Report and Recommendation and thus is entitled to *de novo* review.

## III. ANALYSIS

"The district court has broad discretion in controlling its own docket," and thus "[i]t is within a district court's discretion to deny a motion for summary judgment as untimely when the motion is filed" after the dispositive motions deadline. *Bank of Am., N.A. v. Devon Energy Prod. Co.*, No. 15-CV-00038, 2018 WL 2418569, at *2 (W.D. Tex. Feb. 13, 2018) (quoting *Edwards v. Cass County*, 919 F.2d 273, 275 (5th Cir. 1990)) (internal citations omitted). In other words, a district court may deny a motion as untimely, but it need not do so; the court may reach the merits on an otherwise untimely motion. *See Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*, No. 18-CV-00014, 2019 WL 5700797, at *1 (E.D. Tex. Apr. 17, 2019) ("The Court has the authority to retroactively authorize late filings as if a motion for leave was filed."). While this

Court expects all parties to adhere to scheduling order deadlines—and does not take kindly to parties missing deadlines without seeking leave or providing good cause—the delay in this case is not egregious enough to warrant denial without reaching the merits.

As Judge Watters mentioned, Rule 16(b)(4) guides a court's decision to modify scheduling order deadlines.[2]  Under Rule 16(b)(4), a scheduling order may be modified for good cause and with a judge's consent.  FED. R. CIV. P. 16(b)(4).  Courts consider four factors when determining good cause: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015).  Here, these factors weigh in the Plaintiff's favor.

The Plaintiff explains that the Partial Motion for Summary Judgment was filed nearly two hours late because lead and co-counsel were experiencing flu-like COVID symptoms. (ECF No. 70 at 2.)  Counsel and co-counsel are the only "staff member[s] at the law office." (*Id.*) While counsel acknowledges "they could have filed a motion requesting a short extension of time when they tested positive for COVID and began exhibiting flu-like symptoms, [they] were determined not to cost this matter any additional delay." (*Id.*)  As it stands, the Plaintiff filed his motion less than two hours past the deadline, and it was docketed on September 10, 2025—only one day past timely. (ECF No. 44.)  The Defendant, if given the opportunity, still had 13 days to either respond or seek an extension of time.  What is more, when the Partial Motion for Summary

---

[2] The Plaintiff moves for an extension of time under Federal Rule of Civil Procedure 6(b) rather than Rule 16(b). (ECF No. 72.)  District courts in the Fifth Circuit have applied both Rule 6(b) and Rule 16(b) in situations such as this. *See, e.g., Miceli v. Bank of N.Y. Mellon*, No. 13-CV-01032, 2015 WL 1758107, at *2–3 (applying Rule 6(b)); *Primerica Life Ins. v. Gross*, No. 15-CV-759, 2018 WL 11346701, at *2 (W.D. Tex. Aug. 6, 2018) ("Although some courts have applied Rule 6(b) … other courts have specifically held that Rule 16(b)(4) applies.").  "Because the good cause modification provision specific to Rule 16(b)(4) takes precedence over the generally applicable extension provisions of Rule 6(b)(1)," this Court concurs with Judge Watters and finds Rule 16(b)(4) governs. *See Primerica Life Ins.*, 2018 WL 11346701, at *2–3 (internal citations omitted).

Judgment was filed, this case was not yet set for trial, so any prejudice to the Defendant was minimal. *Compare Edwards*, 919 F.3d at 275–76 (holding that a district court did not abuse its discretion by refusing a party to move for summary judgment "on the eve of trial three months after the expiration of a deadline"), *with Moore v. Cockrell*, 144 F. App'x 397, 403–04 (distinguishing from *Edwards* because, among other things, the defendants "did not file their motion one day before trial and three months after the deadline"). The Court, therefore, finds it within its discretion to consider the Plaintiff's untimely Partial Motion for Summary Judgment on the merits. *See Bank of Am.*, 2018 WL 2418569, at *3 (reaching the merits of an otherwise untimely motion for summary judgment in the "interest of justice"). The Court further finds it necessary to also allow the Defendant to file a response to the motion for the Court's consideration.

## IV. CONCLUSION

IT IS THEREFORE **ORDERED** that the Report and Recommendation [ECF No. 60] is **REJECTED** and the Partial Motion for Summary Judgment [ECF No. 44] is not denied as untimely.

IT IS FURTHER **ORDERED** that the Defendant must file any response to the Partial Motion for Summary Judgment **on or before May 14, 2026**.

IT IS FINALLY **ORDERED** that any oral arguments related to the Partial Motion for Summary Judgment will be heard at the pretrial conference set for **May 28, 2026, at 11:00 AM** in the U.S. District Courthouse in Del Rio, Texas.

SIGNED and ENTERED on this 15th day of April 2026.

ALIA MOSES
Chief United States District Judge

5